IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BILLY RAYFORD JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 9:21-cv-46 |
| DAVID GUITERREZ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Billy Rayford Johnson, proceeding *pro se*, filed the above-styled lawsuit. The case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Service

Plaintiff paid the required filing fee. On December 8, 2021, the court entered an Order (Doc. #15.) directing the Clerk to provide Plaintiff with summonses and copies of the Complaint so that he could served Defendants in accordance with Federal Rule of Civil Procedure 4.

Plaintiff has not filed a Return of Service with respect to any Defendant. However, Plaintiff has filed a document (doc. #21) regarding service. Plaintiff states that on December 16, he placed the summonses sent to him in the legal mailbox at his unit of incarceration. He indicates the summonses were sent to the two identified Defendants via certified mail at an address in Austin, Texas. The document contained the tracking numbers for the mailings. Plaintiff subsequently filed a document (doc. #25) indicating that he had received an acknowledgment stating the mailings to Defendants had been received by the Texas State Comptroller. He stated he had anticipated that the Comptroller would forward the mailings to the Attorney General of Texas, who he describes as the legal representative of Defendants.

## Discussion

Federal Rule of Civil Procedure 4(e) provides that individuals may be served either: (1) pursuant to the laws of the applicable state or (2) by delivering a summons and a copy of the complaint to the individual personally, by leaving such documents at the individual's dwelling house or usual place of abode or by delivering such documents to any agent authorized to receive service of process. Rule 4(c) states that any person who is a least 18 years old and *not a party* may serve the summons and complaint.

Rule 106 of the Texas Rules of Civil Procedures authorizes service by registered or certified mail, return receipt requested. Rule 107 provides that when service is made by registered or certified mail, the return of service must contain a return receipt with the addressee's signature. Texas Rule of Civil Procedure 103 states that no person who is a party to or interested in the outcome of a suit shall serve any process.

Plaintiff does not state he served Defendants personally or by leaving the required documents at their respective dwelling house or usual place of abode. Nor has Plaintiff demonstrated that the Comptroller or the Attorney General is authorized to receive process on behalf of Defendants.

Plaintiff did attempt to serve Defendants by certified mail, as provided for in Rule 106. However, Plaintiff has not filed a Return of Service containing the signature of a Defendant. In addition, Plaintiff states he mailed the documents himself, which is prohibited by Federal Rule of Civil Procedure 4(c) and Texas Rule of Civil Procedure 103.

Rule 4(m) of the Federal Rules of Civil Procedure states as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the

time for service for an appropriate period.

More than 90 days have passed since Plaintiff was provided with summonses and copies of the complaint for the purpose of service. The record does not reflect that any Defendant has been properly served with process. As a result, this case should be dismissed without prejudice for failure to properly serve Defendants.

## Recommendation

This lawsuit should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file with the clerk specific written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*.

**SIGNED this the 24th day of June, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE